Olu K. Orange, Esq. (SBN 213653)
ORANGE LAW OFFICES
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
TEL: (213) 736-9900 / FAX: (213) 417-8800
Email: o.orange@orangelawoffices.com

John E. Sweeney, Esq. (SBN 116285)
THE SWEENEY FIRM
315 South Beverly Drive, Suite 305
Beverly Hills, CA 90212
TEL: (310) 277-9595 / FAX: (310) 277-0177
Email: jes@thesweeneyfirm.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.G., a Minor by and through his *Guardian Ad Litem* Tamara Ford; and B.P., a Minor and M.P., a Minor, by and through their *Guardian Ad Litem* Tamai Gilbert,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, RYAN ROTHROCK and DOES 1 through 10,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>1. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Fourth Amendment)<br>2. VIOLATION OF CIVIL RIGHTS 42 U.S.C. §§ 1983, 1988 (Conspiracy)<br>3. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Municipal Liability—*Monell*)<br>4. VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983 (Failure to Train and Supervise—*Canton*)<br><br>**JURY DEMAND** |

**PLAINTIFFS ALLEGE AS FOLLOWS**:

This is a complaint for damages based upon federal civil rights violations committed by the Defendant County of Los Angeles and its respective officials, uniformed peace officers, employees, and/or agents. This case is brought pursuant to 42 U.S.C. §§ 1983, 1988. Federal jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (a)(1–4).

## JURISDICTION

1. Plaintiffs bring this case pursuant to 42 U.S.C. §§ 1983, 1988. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343 (1–4).

## VENUE

2. The claims alleged herein arose from events or omissions that occurred in the County of Los Angeles. Therefore, venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

### *Plaintiffs*

3. Plaintiff A.G. ("A.G."), a minor, was a resident and private citizen of the State of California, as well as an heir and real party in interest as to the Estate of Brian O'Neal Pickett II, at all times material to this Complaint.

4. Plaintiff B.P. ("B.P."), a minor, was a resident and private citizen of the State of California, as well as an heir and real party in interest as to the Estate of Brian O'Neal Pickett II, at all times material to this Complaint.

5. Plaintiff M.P. ("M.P."), a minor, was a resident and private citizen of the State of California, as well as an heir and real party in interest as to the Estate of Brian O'Neal Pickett II, at all times material to this Complaint.

6. Plaintiffs A.G., B.P., and M.P. are all sons of decedent Brian O'Neal Pickett II.

### *Defendants*

7. Plaintiffs (collectively Anjae, Brian and Micah) are informed, believe, and thereupon allege that Defendant RYAN ROTHROCK ("ROTHROCK") was at all times material herein acting under color of law within the course and scope of his employment and office as a law enforcement officer of the Los Angeles County Sheriff's Department ("LASD"). He is being sued individually and in

his official capacity.

8. Plaintiffs are informed, believe, and thereupon allege that Defendant COUNTY OF LOS ANGELES ("Defendant County") is a duly constituted governmental entity in the State of California, and is, or was, the employer of all individually named Defendants including, but not limited to, those who are sued in their individual and official capacities, as well as one, or all, of Defendant DOES 1 through 10.

9. The identities, capacities, and/or or nature of involvement of Defendant DOES 1 through 10 ("Doe Defendants") are presently unknown to Plaintiffs. Plaintiffs therefore sue such persons using "Does" as fictitiously-named defendants. Plaintiffs are informed, believe, and thereupon allege that there is likely to be evidentiary support to prove that each Doe Defendant was involved in some manner and legally responsible for the acts, omissions, and/or breaches of duty alleged below. Plaintiffs will amend the Complaint to name the Doe Defendants upon learning their true identities and roles in the actions complained of herein.

10. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Los Angeles, State of California, and the corporate and/or entity Defendants, and each of them, are residents of the County of Los Angeles, State of California, and/or have their principal place of business in said County and State, and/or are doing business in said County and State.

11. Plaintiffs are informed, believe, and thereupon allege that all Defendants employed by Defendant County were, at all times relevant and material to this Complaint, acting within the course and scope of their employment duties for Defendant County, and under color of law. Plaintiffs are informed, believe, and thereupon allege that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Defendant County, by and

through their policy makers, decision makers, officials, officers, and/or supervisors and applicable Doe Defendants.

12. Plaintiffs are informed, believe, and thereupon allege that all Defendants employed by Doe Defendants, at all times relevant and material to this Complaint, were acting within the course and scope of their employment duties for Doe Defendants, under color of law. Plaintiffs are informed, believe, and thereupon allege that each of the individual Defendants' acts were known to, discovered by, approved by, and/or ratified by Doe Defendants, by and through policy makers, decision makers, and/or supervisors, including applicable Doe Defendants.

13. Plaintiffs are informed, believe, and thereupon allege that officials, supervisors, policy makers, and other individuals with the authority to set or modify municipal and/or departmental policy, *de jure* or *de facto*, of Defendant County and/or Doe Defendants, participated in, approved of, ratified, and/or failed to prevent the acts by all Defendants and Doe Defendants of which Plaintiffs complain herein.

14. Plaintiffs are informed, believe, and thereupon allege that at all times herein mentioned, each of the Defendants—including officials, supervisors, watch commanders, and other policy makers from Defendant County and/or Doe Defendants and their agents—was the agent, employee, or co-conspirator of one other, some, or all of their Co-Defendants. Plaintiffs are informed, believe, and thereupon allege that each of the Defendants, acting individually and/or in concert with each other, engaged in a common plan to wrongfully deprive decedent Brian O'Neal Pickett II ("MR. PICKETT") and/or Plaintiffs, and each of them, of their respective rights to privacy, familial association, security in person and effects, freedom from excessive force, freedom from unreasonable seizures, and due process of law, among others described herein. In doing each and all of the things herein mentioned, or neglecting or

intentionally failing to rectify said misconduct, each and all Defendants were acting pursuant to a *de facto* policy and within the scope of such agency, employment, and conspiracy and with full permission, knowledge, approval, ratification, and support of each other.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### *The Killing of Brian O'Neal Pickett II*

15. On or about January 6, 2015 at or near 1618 East 123rd Street, Los Angeles, California, Mr. Pickett was subjected to unlawful conduct by deputy sheriffs, to wit Ryan Rothrock and six others (all collectively referred to hereafter as "deputies") and other Doe employees of the County of Los Angeles (hereafter "Does"). The Does, County and deputies contacted Mr. Pickett on prior occasions due to events associated with Mr. Pickett's mental illness. On at least one of those occasions, their contact with Mr. Pickett resulted in Mr. Pickett being subject to a psychiatric hold per Cal. Welfare and Institutions Code Section 5150. On the instant occasion, their contact with Mr. Pickett was in response to a call from Mr. Pickett's mother that Mr. Pickett was threatening his mother and sister. During the course of this encounter, each of the Does and deputies assaulted and/or battered Mr. Pickett and used excessive force against him, resulting in his death.

16. Prior to, and concurrently with, the Does and deputies' unlawful use of force upon Mr. Pickett, the Does and deputies, and each of them, threatened Mr. Pickett with being Tasered and other coercive tactics if he refused to stop singing and leave the bathroom of the home in which he had a legal right to remain.

17. Mr. Pickett did not stop singing, nor did he leave his bathroom. In response,

the Does and deputies Tasered, beat, hit, kicked, pushed, and pulled Mr. Pickett, resulting in his death.

18. Defendant Rothrock Tasered Mr. Pickett for more than thirty-four seconds, 29 of them continuous. During these thirty-four seconds, Rothrock Tasered Mr. Pickett causing him to fall face-down into his bathtub – striking his head on a metal bar along the way. Rothrock Tasered Mr. Pickett as he lay face down in the bathtub with his feet shaking from the voltage. Rothrock Tasered him as he was being dragged out of the bathtub by other deputies onto the bathroom floor. He Tasered him as he was being dragged down the hallway from the bathroom to the living room. And, Rothrock continued Tasering Mr. Pickett all the way up to and until other deputies applied the second handcuff to Mr. Pickett's wrist. Thereafter, Mr. Pickett was taken to the hospital, where he died in the emergency room approximately an hour and twenty minutes later.

19. During and as a result of the force used upon him by the defendants, Mr. Pickett suffered substantial and severe physical and emotional pre-death pain and suffering.

20. Mr. Pickett was a mentally ill citizen who did nothing to justify Defendants' and deputies' conduct as herein described. He never struck or attempted to strike any of the defendants, or anyone else. He had no weapons. He was in the bathroom of his own home. The fact that Mr. Pickett suffered from mental illness was known to each of the Does and deputies from prior contact with Mr. Pickett. Mr. Pickett did not reasonably pose a threat to any of the Does or deputies, or any other person, so as to justify the manner in which each defendant assaulted and battered Mr. Pickett. Further, the nature and amount of force, knowledge of Mr. Pickett's mental infirmities and compromised position, the absence of necessity, as well as Does and deputies' placing of blame upon Mr. Pickett for his own demise all show a clear intent to punish

and harm Mr. Pickett unrelated to any legitimate law enforcement purpose. Under these circumstances, the conduct of each of the Does and deputies was excessive, unlawful, malicious, oppressive and was done with a deliberate indifference to Mr. Pickett's rights.

## DAMAGES

21. Each of the aforementioned acts by each Defendant directly, legally and proximately caused Mr. Pickett to suffer the following: violation of civil rights, loss of personal liberty and freedom to physically move about, loss of enjoyment of personal liberty and freedom to physically move about, loss of life, humiliation, great and extreme emotional and physical injury, and pain and suffering.

## CLAIMS FOR RELIEF

\*\*\*

### FIRST CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Fourth Amendment (Unlawful Seizure / Excessive Force)
### By Plaintiffs Against All Defendants

22. Plaintiffs incorporate all paragraphs, as though fully set forth herein.
23. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege, or immunity secured to persons by the Fourth Amendment to the United States Constitution.
24. The Fourth Amendment protects persons from unreasonable searches and seizures, including the use of excessive force.

*Unlawful Seizure*

25. The unlawful seizure and detention, of Mr. Pickett by the Defendants was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable and in violation of Mr. Pickett's Fourth Amendment rights.

*Excessive Force*

26. The unlawful, unwanted and harmful touching of Mr. Pickett by the Defendants, constituting batteries and excessive force, was without lawful basis, reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and was thus unreasonable and in violation of Mr. Pickett's Fourth Amendment rights.

## SECOND CLAIM FOR RELIEF

**VIOLATION OF CIVIL RIGHTS (42 U.S.C. §§ 1983, 1988)**

**Conspiracy to Violate Civil Rights**

**By All Plaintiffs Against Defendants ROTHROCK and DOES**

27. Plaintiffs incorporate all paragraphs, as though fully set forth herein.

28. This cause of action arises under 42 U.S.C. §§ 1983 and 1988, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured by the Fourth Amendment to the United States Constitution.

29. Defendants Rothrock and Does, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Mr. Pickett's civil rights afforded under the United States Constitution. Neither defendant ever once intervened to stop the other from violating Mr. Pickett's legal rights.

# THIRD CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Unconstitutional Policy, Custom, or Procedure (*Monell*)
### By All Plaintiffs Against Defendant County

30. Plaintiffs incorporate all paragraphs, as though fully set forth herein.

31. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege, or immunity secured by the Fourth Amendment to the United States Constitution.

32. Defendant County violated Mr. Pickett's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

    (i)   Plaintiffs allege that Defendant County has a *de facto* policy, custom or practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely detain persons in violation of constitutional rights;

    (ii)  Plaintiffs allege that Defendant County has a *de facto* policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who use excessive and/or unjustified force upon persons with whom they come into contact in violation of constitutional rights;

    (iii) Plaintiffs allege that Defendant County has a *de facto* policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who fail to handle persons with mental disabilities in a manner which does not result in unnecessary and/or unlawful harm to those persons; and

33. Defendant's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Mr. Pickett's constitutional rights at issue in this case.

34. Plaintiffs are informed, believe, and thereupon allege that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers.

35. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Mr. Pickett.

36. Plaintiffs specifically allege that Defendant County's policies, customs, and/or practices, as described herein, were within the control of Defendant County and within the feasibility of Defendant County, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### Failure to Train, Supervise, Discipline, or Correct (*City of Canton*)
### By All Plaintiffs Against Defendant County

37. Plaintiffs incorporate all paragraphs, as though fully set forth herein.

38. This cause of action arises under 42 U.S.C. § 1983, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege, or immunity secured by the Fourth Amendments to the United States Constitution.

39. Defendant County violated Mr. Pickett's constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

(i) Plaintiffs are informed, believe, and thereupon allege that Defendant County has ample reason to know, based upon arrest reports, complaints, claims for damages, *inter alia*, that its officers and/or employees regularly engage in the misdeeds set forth in this entire complaint;

(ii) Plaintiffs are informed, believe, and thereupon allege that Defendant County has failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the Los Angeles County Sherriff's Department ("LASD") as to the legal requirements and protections applicable to persons as set forth in the United States and California Constitutions, and other laws;

(iii) Plaintiffs are informed, believe, and thereupon allege that Defendant County has failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the LASD as to the use and effects of electric shock devices such as Tasers;

(iv) Plaintiffs are informed, believe, and thereupon allege that Defendant County has failed to properly train, supervise, and/or discipline employees, officers, managers, and supervisors within the LASD as to the proper identification, notation, communication and handling of incidents involving persons with mental disabilities; and

(v) Plaintiffs allege that these failures amount to a *de facto* policy and are intentional and/or the result of deliberate indifference on the part of Defendant County, by and through its decision makers. These include, but are not limited to, all supervisors and their subordinates, as necessary to further these improper policies, practices, customs, and procedures.

40. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiffs.

41. Some or all Doe defendants acted in a supervisory capacity with respect to the incidents involving Mr. Pickett. In that capacity, those persons acted intentionally, maliciously, in conscious disregard, and/or with deliberate indifference to the rights of Mr. Pickett.

42. These supervisory failures directly caused and contributed to Plaintiffs' damages.

43. Plaintiffs specifically allege that Defendants' policies, customs, and practices, as described *supra*, were within each of their control, and within the feasibility of each of them, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

## PRAYER FOR RELIEF

44. **WHEREFORE**, Plaintiffs, and each of them, pray for the following relief from Defendants, and each of them, for each of the above causes of action:

   (i) For compensatory damages, inclusive of <u>pre-death pain and suffering damages</u>, according to proof;

   (ii) For punitive damages pursuant to 42 U.S.C. §§1983, 1988 and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

   (iii) For prejudgment interest according to proof;

   (iv) For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983, 1988; and any other applicable provisions;

   (v) For costs of suit; and

   (vi) For such further relief which is just and proper.

Dated: JANUARY 3, 2017.

Respectfully submitted,
ORANGE LAW OFFICES
THE SWEENEY FIRM

By: _____
Olu K. Orange, Esq.
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury in this action.

Dated: JANUARY 3, 2017.

Respectfully submitted,
ORANGE LAW OFFICES
THE SWEENEY FIRM

By: _____
Olu K. Orange, Esq.
Attorneys for Plaintiffs